IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-211-RAH-KFP |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF COMMERCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On March 10, 2021, the State of Alabama, Congressman Robert Aderholt, and two Alabama voters brought suit against the United States Department of Commerce ("the Department"), the United States Bureau of the Census ("the Bureau") (an agency within the Department) and relevant federal officials, seeking, *inter alia*, a preliminary injunction against the Bureau's use of a statistical algorithm called "differential privacy" in connection with the 2020 Census, which according to the Plaintiffs will skew and manipulate the actual population numbers and characteristics of persons within the various census blocks inside the borders of Alabama. (Doc. 1.) The Plaintiffs also seek an order from this Court directing the Bureau to provide census data to the State of Alabama no later than March 31, 2021, a date that the Plaintiffs claim is the deadline for the Bureau to provide that data

1

under federal law, 13 U.S.C. §141(c). (Doc. 1, pp. 48-51.) *See also State of Ohio v. Coggins, et al.*, Case No. 3:21CV00064 (S.D. Ohio. Feb. 25, 2021).

The Plaintiffs claim that using "differential privacy" violates the Census Act, *see* 13 U.S.C. § 1 *et seq.*, the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 706, as well as their due process and equal protection rights under the Fifth Amendment. The Plaintiffs seek a declaration from this Court that differential privacy is unlawful and/or unconstitutional, an injunction preventing Defendants from using that statistical algorithm in the 2020 Census, and an order from this Court directing the Defendants to provide census data, without differential privacy, to the state of Alabama by March 31, 2021 or as soon as equitably possible thereafter.

The Plaintiffs further ask for their claims be adjudicated by a three-judge panel under 28 U.S.C. § 2284 and § 209(b), Pub. L. No. 105-119, 111 Stat. 2440, 2481 (1997) (codified at 13 U.S.C. § 141 note) ("Section 209"). The Defendants have filed a response in opposition to that request, (Doc. 23), and the Plaintiffs a reply, (Doc. 25), so that this particular issue is now ripe for review. Upon consideration, the Plaintiffs' request for a three-judge panel is due to be GRANTED.

I. ANALYSIS

Under 28 U.S.C. § 2284(a), "a district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the

apportionment of any statewide legislative body." If the court determines that the case should be heard by a three-judge panel, "the judge to whom the request is presented shall . . . immediately notify the chief judge of the circuit." *Id.* § 2284(b)(1). If a three-judge panel is convened, a single judge may not enter a judgment on the merits. *Id.* § 2284(b)(3).

In addition, and importantly here, "[a]ny person aggrieved by the use of any statistical method in violation of the Constitution or any provision of law . . . in connection with the 2000 census or any later decennial census, to determine the population for purposes of the apportionment or redistricting of Members in Congress, may in a civil action obtain declaratory, injunctive, and any other appropriate relief against the use of such method." § 209(b). Further, under § 209(e)(1), "[a]ny action brought under this section shall be heard and determined by a district court of three judges in accordance with section 2284."

The question now before the Court relates solely to the Plaintiffs' right to a three-judge panel. The Plaintiffs allege that the Bureau's use of "differential privacy" is a statistical method, or statistical procedure and adjustment, that may be challenged directly in a three-judge court because it adds or subtracts counts to or from the enumeration of the population within Alabama's borders as a result of statistical inference.

The Defendants respond that differential privacy is not an impermissible "statistical method." (Doc. 23.) The Defendants state that differential privacy does not "add or subtract counts to or from the enumeration of the population as a result of statistical inference," which would be impermissible, but rather, it is an algorithm the Bureau applies after the Bureau "enumerates the population through traditional methods" which are legal. (*Id*., p. 2.) "Differential privacy is then applied after that enumeration is complete to ensure that individuals' identities and data are not disclosed to the public." (*Id*.) Thus, as the Defendants would say, Plaintiffs' challenge here falls squarely outside of 28 U.S.C. § 2284 and Section 209.

Without commenting on the specifics of differential privacy and what it means to the 2020 Census numbers provided to Alabama, which glaringly constitute a disputed evidentiary issue between the parties at this stage and therefore one better addressed at a later procedural stage, the Court recognizes that the scope of its initial inquiry as to a three-judge panel is limited. "Section 2284(b)(1) merely clarifies that a district judge need not unthinkingly initiate the procedures to convene a three-judge court without first examining the allegations in the complaint. In short, all the district judge must 'determin[e]' is whether the 'request for three judges' is made in a case covered by § 2284(a)—no more, no less." *Shapiro v. McManus*, 577 U.S. 39, 44 (2015).

The nature of the Plaintiffs' allegations liken the posture of this case to the legal challenge brought against the Bureau for its use of tabulations like "hotdeck imputation" where the primary legal issue concerned whether hotdeck imputation constituted a type of statistical sampling. *See Utah v. Evans*, 536 U.S. 452 (2002). In that case, the district court judge requested the designation of a three-judge panel; this Court must accordingly request the same.[1]

As a final note, because a three-judge panel must be designated prior to the adjudication of Plaintiffs' challenge to Defendants' use of differential privacy, that same panel may reserve the right to exercise supplemental jurisdiction over Plaintiffs' claims concerning the delayed delivery of census data to Alabama. *See* 28 U.S.C. § 1367(a) (granting district courts supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *see also Ted Cruz for Senate v. Fed. Election Comm'n*, No. 19-CV-908 (APM), 2019 WL 8272774, at *9 (D.D.C. Dec. 24, 2019) ("It has long been understood that in cases involving a claim that must be heard by a three-judge court, that court 'has power to decide other claims in the case that, standing alone, would require only a single judge.'") (quoting Wright

---

[1] If factual or legal developments arise that eliminate the jurisdiction of a three-judge panel, such panel can easily dissolve. *See, e.g.*, *New York v. Trump*, 485 F. Supp. 3d 422, 482 n.21 (S.D.N.Y. 2020), *vacated and remanded on other grounds*, 141 S. Ct. 530 (2020).

& Miller, 17A Fed. Prac. & Proc. Juris. § 4235 (3d ed. 2019) (collecting cases));

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

## II. CONCLUSION

Because the Plaintiffs have sufficiently alleged an action covered by § 209 and 28 U.S.C. § 2284, the Plaintiffs' motion (*see* Doc. 1, p. 5) for the appointment of a three-judge court is GRANTED. Accordingly, it is hereby requested that the Hon. William H. Pryor, Jr., Chief Judge of the United States Court of Appeals for the Eleventh Circuit, designate two additional judges to participate in hearing and determining this action. The Clerk of the Court is DIRECTED to transmit a copy of this Request forthwith to the Clerk of the United States Court of Appeals for the Eleventh Circuit.

DONE, on this the 26th day of March, 2021.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE