UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: |
| ) | 2:21-cv-00211-RAH-ECM-KCN |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| COMMERCE, et al., ) | |
| ) | |
| Defendants. ) | |

**CONSENT MOTION OF PROFESSOR JANE BAMBAUER FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Professor Jane Bambauer of the University of Arizona James E. Rogers College of Law respectfully moves this Court for leave to submit the attached *amicus curie* brief (Exhibit A) in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief. (ECF No. 1). Professor Bambauer has informed counsel for the following parties of her intent to submit the attached amicus brief:

- Office of the Attorney General
- U.S. Congressman Robert Aderholt
- William Green
- Camaran Williams
- U.S. Department of Commerce
- Gina Raimondo, Secretary of Commerce
- U.S. Bureau of the Census

The parties do not object to its filing.

1

## I.     INTEREST OF PROPOSED AMICUS CURIAE

Amicus is a Professor of Law at the University of Arizona and an expert in the public policy and industry practices related to privacy, research, and Big Data. Throughout her academic career, she has studied the societal risks and benefits related to the collection and use of personal data. Much of her scholarly and community service work relates to deidentified research data. In collaboration with statistical disclosure experts, she has written guidance documents, scholarly publications, and an amici curiae brief for the U.S. Supreme Court. She has worked with the ACLU of Arizona to facilitate public access to deidentified data on Border Patrol detainees. She has served on the Program Committee for UNESCO's annual conference on Privacy in Statistical Databases, and she has given presentations about the trade-off between privacy risk and research to the U.N. Economic Commission for Europe/Eurostat, the Federal Trade Commission, and Google.

More particular to the instant case, Professor Bambauer is an expert on the use and policy implications of a disclosure avoidance statistical methodology called "Differential Privacy." Differential privacy is a formal privacy method that injects a precisely calibrated amount of statistical noise, *i.e.*, intentional error, into data to control the privacy risk of any calculation or statistic. Thus, the goal of Differential Privacy is to anonymize data and prevent the reidentification of individuals, and in this case−census respondents.

Professor Bambauer is familiar with the U.S. Census Bureau's decision to adopt Differential Privacy as part of the fourth version of the Bureau's 2020 Census Operational Plan. She also is familiar with the methodology's adverse effects on the utility and accuracy of data, as well as the availability of alternative methods of privacy protection that do not skew data, including methods the Census Bureau previously has employed with great success. Thus, Professor Bambauer' s knowledge and expertise regarding the use of Differential Privacy by the Census Bureau may greatly aid the Court in determining (1) whether the Bureau's application of

2

Differential Privacy is, in fact, detrimental to its mission; (2) whether traditional disclosure control techniques are superior for protecting privacy and preserving data utility; and (3) whether the law or public distrust justifies the Bureau's decision to adopt Differential Privacy.

Finally, Professor Bambauer has no personal interest in the outcome of this case, but rather a professional interest concerning the impact that the adoption of Differential Privacy could have on government accountability and open research. As the government and private companies have access to increasing amounts of personally identifiable information, it is more important than ever that researchers, nonprofits, and journalists have access to accurate statistical data.

## II.   ARGUMENT

There is "[n]o statute, rule, or controlling case" that "defines a federal district court's power to grant or deny leave to file an amicus brief." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). The decision "lies solely within the court's discretion." *Id. See also Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Mason v. City of Huntsville, Alabama*, No. CV-10-S-2794-NE, 2012 WL 12903100, at *4 (N.D. Ala. May 7, 2012) ("[T]he district courts have inherent authority to appoint *amicus curiae*, or to grant leave to appear as an *amicus curiae*, at the discretion of the court."). But district courts "commonly refer to [Federal] Rule [of Appellate Procedure] 29 for guidance," and they "typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Deloitte Consulting*, 512 F. Supp. 2d at 927; *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015); *see also United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990) (explaining that "[t]here are no strict prerequisites" for leave and that "amicus must merely make a showing that his participation is useful to or otherwise desirable by the court").

Furthermore, when exercising their discretion, courts "err on the side of granting leave." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002). As then-Judge Alito explained, "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Id.* As in the instant case, "*amicus* briefs are typically allowed 'when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers are able to provide.'" *Mobile Cty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp.2d 1342, 1344 n.1 (S.D. Ala. 2008), *aff'd* 564 F. Supp.2d 131, 136 (D.D.C. 2008).

Here, Professor Bambauer's brief will be "useful" to the Court. *Gudur*, 512 F. Supp. 2d at 927. Professor Bambauer's brief makes three major points. First, Differential Privacy is detrimental to the Census Bureau's mission because it has no relation to real world risk and, in fact, provides a false sense of precision and certainty. Second, traditional disclosure control techniques are superior for protecting privacy and preserving data utility. Third, neither the law nor public distrust justifies the Bureau's decision to adopt Differential Privacy.

Thus, as presented in her brief, Professor Bambauer "fulfil[s] the classic role of amicus curiae": "assist[ing] the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008) (quoting *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991)). Moreover, although Plaintiffs' arguments may touch on some of the same

4

issues, Professor Bambauer's brief "is proper" because it "present[s] aspects of ideas, arguments, [or] theories ... that are not in the parties' briefs." *United States v. Holy Land Found. for Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009). "[S]ome repetition" by an amicus is inevitable and "should be tolerated on the ground it is easily disregarded. After all, sometimes the most important thing a friend can do is remind you to do what is right." Luther T. Munford, *Listening to Friends of the Court*, ABA J., Aug. 1998, at 128.

Finally, Professor Bambauer's brief is "timely." *Gudur*, 512 F. Supp. 2d at 927. She submits her brief seven (7) days before Plaintiffs' brief is due—maximizing Defendants' time to respond in their reply. *Cf.* Fed. R. App. P. 29 advisory committee's note to the 1998 amendments (explaining that an *amicus* brief filed shortly after the brief it supports gives the opposing party sufficient time to respond). Further, Defendants will not possibly suffer any prejudice if Professor Bambauer is permitted to make legal arguments in an *amicus* brief—arguments that Defendants need to rebut anyway to defend their case.

### III.   CONCLUSION

For all these reasons, Professor Bambauer respectfully requests leave to file the attached *amicus* brief.

Respectfully submitted,

/s/ Christopher W. Weller
CHRISTOPHER W. WELLER (WEL020)

*Counsel for Amicus Curiae ProfessorJane Bambauer*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, AL  3104
Phone:  (334) 241-8066
Fax:     (334) 241-8266
chris.weller@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 7th day of April, 2021, I filed with the Court and served on all counsel through the CM/ECF system the foregoing document.

STEVE MARSHALL
*Attorney General of Alabama*
Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
*Deputy Solicitor General*
James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Brenton M. Smith (ASB-1656-X27G)
*Assistant Attorneys General*
STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
*Counsel for the State of Alabama*

BRIAN M. BOYNTON
Acting Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRAD P. ROSENBERG
Assistant Director, Federal Programs Branch
ZACHARY A. AVALLONE
ELLIOTT M. DAVIS (N.Y. Reg. No. 4596755)
JOHN ROBINSON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC  20005
Phone:    (202) 514-4336
Fax:       (202) 616-8470
E-mail:   elliott.m.davis@usdoj.gov
*Counsel for Defendants*

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky (VA Bar No. 47481)*
Jonathan P. Lienhard (VA Bar No. 41648)*
Shawn T. Sheehy (VA Bar No. 82630)*
Phillip M. Gordon (VA Bar. No. 95621)*
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY, PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Pgordon@hvjt.law
**pro hac vice*
*Counsel for Plaintiffs*

/s/ Christopher W. Weller
Of Counsel