IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, et al.,<br><br>        Defendants. | Case No. 3:21-CV-00211-RAH-ECM-KCN |

**CONSENT MOTION OF THE NATIONAL REDISTRICTING FOUNDATION
FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

The National Redistricting Foundation ("NRF") moves this Court for leave to file an amicus curiae brief in opposition to Plaintiffs' Motion for Preliminary Injunction preventing Defendants from implementing differential privacy, and ordering the Census Bureau to release redistricting data before the agency has represented is possible. (ECF No. 3.) All parties consent to the filing of an amicus brief by NRF. In support of this motion, NRF states as follows:

    1. "District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344, n.1 (S.D. Ala. 2008) *aff'd*, 564 F.3d 1290 (11th Cir. 2009). "The role of an *amicus* is to assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Mobile Cnty.*, 567 F. Supp. 2d at 1344, n.1

(quoting *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991)). Courts have explained that "[a]n amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

2. NRF is a nationwide, non-profit organization founded in 2017, whose mission is to prevent and reverse invidious gerrymandering, by promoting the public's awareness of reapportionment and redistricting processes and engaging in legal action as appropriate to ensure that states' redistricting and electoral processes result in fair representation. NRF has supported a variety of litigation related to redistricting, election administration, and the census, including as amicus curiae. Bringing national attention to the importance of a fair redistricting process in 2021 is central to NRF's mission, and elevating the need for a fair and accurate census in 2020 is a foundational piece of NRF's work.

NRF is familiar with the U.S. Census Bureau's decision to adopt differential privacy as a disclosure avoidance method for the release of data from the 2020 census, and has engaged with the Bureau and other stakeholders regarding the implementation of differential privacy for several years. In fact, Plaintiffs cite an April 24, 2020 letter from NRF to the Bureau outlining NRF's concerns with differential privacy and encouraging the Bureau "to maximize the extent to which the resulting data reflects the actual population counts, including with respect to racial groups, that are enumerated for all geographic unites within a state."[1] *See* Compl. ¶ 113. (*See also* ECF No.

---

[1] National Redistricting Foundation, Letter to Steven Dillingham, Director, U.S. Census Bureau (Apr. 24, 2020), https://www.ncsl.org/Portals/1/Documents/standcomm/scnri/NRF_Comment_to_CensusBureau_Differential%20Privacy_42420.pdf?ver=2020-05-04-130625-803&timestamp=1588619250638.

3 at 20–21.) NRF is also familiar with the factors—including the Covid-19 pandemic, natural disasters, civil unrest, and data anomalies—that have resulted in the Bureau's inability to deliver redistricting data to the states by the statutory deadline. In determining whether to grant Plaintiffs injunctive relief, the Court may benefit from NRF's perspective on the process through which stakeholders provided feedback to the Bureau on the use of differential privacy, the importance of accurate and reliable redistricting data, and the consequences that further disruption to the Bureau's process would entail for the public interest.

3. In its amicus brief, NRF urges the Court to deny the extraordinary injunctive relief belatedly requested by Plaintiffs. It is inexplicable why Plaintiffs waited so long—over three years—to raise their concerns with the Bureau's plan to implement differential privacy, while NRF and other stakeholders—including other states—engaged early and in good faith to suggest improvements to the plan. Enjoining the implementation of differential privacy at this exceedingly late stage—after more than three years of preparation and modification, and only five months before the planned release of redistricting data—would be enormously disruptive to the redistricting process, introducing further uncertainty in the results and increasing pressure on the Bureau at a time when the Bureau and states are already struggling to adapt to challenges presented by the Covid-19 pandemic. Likewise, compelling the Bureau to rush out potentially inaccurate data would disrupt the Bureau's operations and undermine the processes that are intended to ensure the most accurate redistricting data as soon as possible—not just for Alabama but for all 50 states. Compromising the quality of that data by judicial imposition of an artificial timetable on the agency, particularly at this late date in the process, would harm the very public interests that Plaintiffs purport to be vindicating. Preventing this disruption and ensuring a deliberate, well-ordered process for the Bureau's release of redistricting data is of great importance to NRF.

4. Counsel for NRF has reached out to the parties concerning the filing of its amicus brief, and all parties have consented. NRF is filing this motion and its proposed brief on the schedule for the filing of Defendants' brief opposing the preliminary injunction, so granting leave to file will cause no delay in the proceedings.

5. The proposed amicus brief is submitted as an exhibit to this motion.

Dated:  April 13, 2021
        Birmingham, AL

Respectfully submitted,

/s/ Richard Rouco
Richard Rouco
QUINN, CONNOR, WEAVER, DAVIES & ROUCO, LLP
2-20th Street North, Suite 930
Birmingham, AL 35203
rrouco@qcwdr.com

Shankar Duraiswamy*
David M. Zionts*
COVINGTON & BURLING LLP
One CityCenter
850 10th Street, NW
Washington, DC
202-662-6000
sduraiswamy@cov.com; dzionts@cov.com

John F. Nelson*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY
202-841-1107
jnelson@cov.com

*Counsel for Amicus Curiae,
National Redistricting Foundation*

*Pro hac vice motions forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

Dated:   April 13, 2021
        Birmingham, AL

*/s/ Richard Rouco*
Richard Rouco
*Counsel for Amicus Curiae,*
*National Redistricting Foundation*