# Exhibit 4

**To:** Kathleen M Styles (CENSUS/ADDC FED)[kathleen.m.styles@census.gov]
**From:** James Whitehorne (CENSUS/ADDC FED)[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=010B27ED5B5944CDA73EB75917D5A0DD-WHITEHORNE,]
**Sent:** Tue 7/7/2020 1:19:57 PM (UTC)
**Subject:** Fw: Short video to help with Wednesday's discussion

FYI

***************************
**James Whitehorne, Chief**
Redistricting & Voting Rights Data Office/ADDC/HQ
U.S. Census Bureau
O: 301-763-4039 | M: 202-263-9144
census.gov | census.gov/rdo | @uscensusbureau
Shape your future. START HERE > 2020census.gov

---

**From:** John Maron Abowd (CENSUS/ADRM FED) <john.maron.abowd@census.gov>
**Sent:** Tuesday, July 7, 2020 9:15 AM
**To:** Ron S Jarmin (CENSUS/DEPDIR FED) <Ron.S.Jarmin@census.gov>; Michael B Hawes (CENSUS/CED FED) <michael.b.hawes@census.gov>; James Whitehorne (CENSUS/ADDC FED) <James.Whitehorne@census.gov>; Christa D Jones (CENSUS/DEPDIR FED) <Christa.D.Jones@census.gov>; Ali Mohammad Ahmad (CENSUS/ADCOM FED) <ali.m.ahmad@census.gov>; Enrique Lamas (CENSUS/DEPDIR FED) <Enrique.Lamas@census.gov>; Albert E Fontenot (CENSUS/ADDC FED) <Albert.E.Fontenot@census.gov>; Victoria Velkoff (CENSUS/ADDP FED) <Victoria.A.Velkoff@census.gov>
**Subject:** Re: Short video to help with Wednesday's discussion

Michael should say clearly at the start of his presentation that the fifty state resident population totals (plus DC and PR, but they are irrelevant) are outside the differential privacy system. They will be released exactly as enumerated. That decision has already been memorialized in a 2020 Decision memo that Michael should find and you should send ahead to the Secretary. If asked, I can go into the reasoning, but I doubt that it will come up again if we make it clear from the outset.

The really difficult thing to explain is why the population invariant cannot be extended below the state level without breaking both the privacy protection (of location) and the TopDown algorithm itself. It breaks the privacy protection because it means that no formal guarantees (the things that give differential privacy its confidentiality protection properties) exist for the protection of the household's address, a key PII component that we must protect. The absence of noise in the 2010 block population counts is the single biggest contributor to our (lower bound) estimate of 52 million re-identified households. Even our swapping algorithms would have had to add noise to those counts in 2020. More population count invariants break TopDown because the proof of existence of a solution to the post-processing algorithm, in particular the rounding step to produce microdata, relies on an integer programming property called total unimodularity (TUM). We have struggled to incorporate the housing unit and group quarters invariants (which are not population count invariants) within the TUM constraaints. I intend to tell DSEP in September that if any population invariants are extended below the state level, I cannot guarantee that the 2020 DAS will work because that will break the current failsafe that ensures that we get a solution. In contrast, DSEP can set the global privacy-loss budget at any level that it is comfortable with and assign as much of it to population counts as it wishes. Even with a PLB of 4 (as in the demonstration data products) an allocation of 30% to population counts produces a mean absolute error in populations for counties of 16. Allocating 75% of that PLB to population drives this error to less than 9. (look here: https://www2.census.gov/programs-surveys/decennial/2020/program-management/data-product-planning/disclosure-avoidance-system/2020-06-01-metrics-update.pdf?#) We can drive it down as much as we want, but each time we do, the privacy protection of location is further compromised.

Thanks,

**John M. Abowd, PhD**, Associate Director and Chief Scientist
Research and Methodology
U.S. Census Bureau
O: 301-763-5880 M: simulring on cell

census.gov | @uscensusbureau
Shape your future. START HERE > 2020census.gov
Case 3:21-cv-00211-RAH-ECM-KCN   Document 94-4   Filed 04/20/21   Page 3 of 4

**From:** Ron S Jarmin (CENSUS/DEPDIR FED) <Ron.S.Jarmin@census.gov>
**Sent:** Tuesday, July 7, 2020 8:49 AM
**To:** Michael B Hawes (CENSUS/CED FED) <michael.b.hawes@census.gov>; James Whitehorne (CENSUS/ADDC FED) <James.Whitehorne@census.gov>; Christa D Jones (CENSUS/DEPDIR FED) <Christa.D.Jones@census.gov>; Ali Mohammad Ahmad (CENSUS/ADCOM FED) <ali.m.ahmad@census.gov>; Enrique Lamas (CENSUS/DEPDIR FED) <Enrique.Lamas@census.gov>; Albert E Fontenot (CENSUS/ADDC FED) <Albert.E.Fontenot@census.gov>; John Maron Abowd (CENSUS/ADRM FED) <john.maron.abowd@census.gov>; Victoria Velkoff (CENSUS/ADDP FED) <Victoria.A.Velkoff@census.gov>
**Subject:** Re: Short video to help with Wednesday's discussion

Per his question, we need to stress decisions on key parameters not yet made. Also, a summary of alternative approaches and why we went in this direction. Why we settled on top down vs others.

Note I will need to jump off the call at 10 to get on another.


On Jul 6, 2020, at 6:19 PM, Ron S Jarmin (CENSUS/DEPDIR FED) <Ron.S.Jarmin@census.gov> wrote:


FYI


Begin forwarded message:

> **From:** Wilbur Ross <wlr@doc.gov>
> **Date:** July 6, 2020 at 6:13:54 PM EDT
> **To:** "Ron S Jarmin (CENSUS/DEPDIR FED)" <Ron.S.Jarmin@census.gov>
> **Cc:** "Kelley, Karen (Federal)" <KKelley@doc.gov>, "Steven Dillingham (CENSUS/DEPDIR FED)" <steven.dillingham@census.gov>
> **Subject: Re: Short video to help with Wednesday's discussion**
>
>  ThNk you. I have no doubt that we want to use differential privacy, but as I understand it there is a trade off between more privacy and potentially less accuracy. I also understtNd that as a result you experimented with T least a few different approaches. Since apportionment is a hot topic, I would like to understand how the different models might affect it and how you came to the conclusion that you did. WLR
> Sent from my iPhone
>
> On Jul 6, 2020, at 4:41 PM, Ron S Jarmin (CENSUS/DEPDIR FED) <Ron.S.Jarmin@census.gov> wrote:
>
>> Good afternoon Secretary Ross,
>>
>> Here's a video from "Minute Physics" on differential privacy that we collaborated on a while back.
>>
>> https://www.youtube.com/watch?v=pT19VwBAqKA&pbjreload=101
>>
>> This might help as background for Wednesday's discussion. While differential

DOC_AL_0215160

privacy is new to the decennial census for 2020, it's not completely new to the Census Bureau. We employed it for privacy protection on some products I believed you've been briefed on including:

1. OnTheMap for Emergency Management (https://onthemap.ces.census.gov/em/)
2. Post Secondary Employment Outcomes (PSEO) (https://lehd.ces.census.gov/data/pseo_explorer.html?type=earnings&compare=postgrad&state=08&institution=001370&degreelevel=05&gradcohort=0000-3&filter=50&program=5202,4201)
3. Veterans' Employment Outcomes (https://lehd.ces.census.gov/applications/veo/occupation/detail/)

Without differential privacy, these products would not be feasible as they would violate confidentiality or be so coarsened as to be useless.

Let me know if you have questions.

Thanks
_____
**Ron S Jarmin, PhD.,** Deputy Director

U.S. Census Bureau
o: 301-763-1858 | m: 301-980-8140
census.gov | @uscensusbureau
**Shape your future. START HERE >** 2020census.gov