UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, *et al.* <br><br> Defendants. | No. 3:21–cv–00211–RAH–ECM–KCN |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF**

The Electronic Privacy Information Center ("EPIC"), through undersigned counsel, hereby moves the Court for leave to file a brief as *amicus curiae* in support of Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction and Petition for Mandamus, Dkt. No. 41. In support of this motion, EPIC states as follows:

1. Although "the Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level[,] . . . district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *see also Mason v. City of Huntsville*, No. CV-10-S-2794-NE, 2012 WL 12903100, at *4 (N.D. Ala. May 7, 2012). An *amicus* brief "should normally be allowed" when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Alabama v. United States,* No. 2:16-CV-0029-JEO, 2016 WL 7010948, at *2 (N.D. Ala.

1

Apr. 22, 2016) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

2. EPIC is a public interest research center in Washington, D.C., established in 1994 to focus public attention on emerging privacy issues.

3. EPIC routinely participates as *amicus curiae* in federal and state courts, including in cases regarding the collection, use, and disclosure of personal data by government agencies. *See, e.g.*, Brief of Amicus Curiae EPIC, *Bozzi v. Jersey City*, No. 084392 (N.J. argued Mar. 15, 2021) (arguing that disclosure of personal information in a government record presents a colorable privacy claim); Brief of Amici Curiae EPIC et al., *In re OPM Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019) (No. 17-5217) (arguing that the right to informational privacy safeguards the personal data held by federal agencies); Brief of Amici Curiae EPIC et al., *NASA v. Nelson*, 562 U.S. 134 (2011) (No. 09-530) (arguing that the right to informational privacy is well established); Brief of Amicus Curiae EPIC, *Doe v. Luzerne Cty.*, 660 F.3d 169 (3d Cir. 2011) (No. 10-3921) (arguing that plaintiff had a constitutional interest in preventing disclosure of a compromising image improperly obtained by a state actor).

4. EPIC has special expertise and a particular interest in confidentiality protections for census data. In 2004, the Census Bureau revised its "sensitive data" policy after an EPIC Freedom of Information lawsuit revealed that the Department of Homeland Security had improperly acquired data on Arab Americans from the Census Bureau following 9/11. Lynette Clemetson, *Census Policy on Providing Sensitive Data Is Revised*, N.Y. Times, (Aug. 31, 2004);[1] Lynette Clemetson, *Homeland Security Given Data on Arab-Americans*, N.Y. Times (July 30,

---

[1] https://www.nytimes.com/2004/08/31/us/census-policy-on-providing-sensitive-data-is-revised.html.

2004).² In 2018, EPIC filed suit against the Department of Commerce to block the introduction of the citizenship question to the 2020 Census, alleging that the Bureau failed to complete several privacy impact assessments required under the E-Government Act of 2002. *EPIC v. Dep't of Commerce*, 928 F.3d 95 (D.C. Cir. 2019). EPIC also filed an *amicus* brief before the U.S. Supreme Court in *Department of Commerce v. New York* concerning the Bureau's unlawful failure to publish privacy impact assessments. Brief of Amici Curiae EPIC et al., *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019) (No. 18- 966); *see also* Brief of Amicus Curiae EPIC, *New York, et al. v. Dep't of Commerce*, 351 F. Supp. 3d 502 (S.D.N.Y. 2019). EPIC's Advisory Board includes leading experts in the field of differential privacy. EPIC, *EPIC Advisory Board* (2021).³

5. EPIC seeks to file an *amicus* brief in the instant preliminary injunction proceedings elaborating on the Census Bureau's legal obligation to ensure that its data products do not enable the identification of individual census responses; explaining that differential privacy is the only known technique to effectively protect against reidentification attacks; and arguing that differential privacy is essential to, not at odds with, the accuracy of Census Bureau data products.

6. Counsel for EPIC has contacted counsel for the parties regarding its proposed *amicus* brief, and neither side opposes this motion.

7. The proposed *amicus* brief is attached to this motion as Exhibit A.

Respectfully Submitted,

Dated: April 26, 2021

/s/ Adam W. Pittman
Adam W. Pittman (ASB-0146-A33P)
**CORY WATSON, P.C.**
2131 Magnolia Avenue, Suite 200

---

² https://www.nytimes.com/2004/07/30/us/homeland-security-given-data-on-arab-americans.html.
³ https://epic.org/epic/advisory_board.html.

Birmingham, AL 35205
(205) 328-2200
(205) 324-7896, fax
apittman@corywatson.com

John L. Davisson (D.C. Bar #1531914)[*]
EPIC Senior Counsel
**ELECTRONIC PRIVACY**
**INFORMATION CENTER**
1519 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)
davisson@epic.org

*Attorneys for EPIC*

---

[*] *Pro hac vice* motion pending.

**CERTIFICATE OF SERVICE**

I hereby certify that on 26th day of April, 2021, I filed with the Court and served on all counsel through the CM/ECF system the foregoing document.

/s/ Adam W. Pittman
Adam W. Pittman (ASB-0146-A33P)
**CORY WATSON, P.C.**
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
(205) 328-2200
(205) 324-7896, fax
apittman@corywatson.com