# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA; ROBERT ADERHOLT, Representative for Alabama's 4th Congressional District, in his official and individual capacities; WILLIAM GREEN; and CAMARAN WILLIAMS, <br><br>      Plaintiffs, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF COMMERCE; GINA RAIMONDO, in her official capacity as Secretary of Commerce; UNITED STATES BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau, <br><br>      Defendants. | CIVIL ACTION NO. 3:21-CV-211-RAH-ECM-KCN |

**PLAINTIFFS' OPPOSED MOTION TO INTRODUCE SUPPLEMENTAL EVIDENCE IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs hereby move for leave to supplement their evidentiary submission in support of their Motion for Preliminary Injunction. Specifically, Plaintiffs seek to admit a supplemental declaration from their expert demographer, Thomas Bryan, addressing issues respecting Alabama's majority-minority districts. *See* Supplemental Decl. of Thomas Bryan (attached herein as Exhibit 1). The impact of version 5.0 of the Bureau's demonstration data was discussed at the May 3, 2021 hearing and is therefore properly before this Court. *See, e.g.*, Transcript of May 3, 2021 Hearing at 97:5-98-9. Plaintiffs have contacted Defendants' counsel who oppose this request.

This supplemental report addresses Defendants' most recent adjustments to the differential privacy algorithm and Defendants' continued—and failed—attempts to make the data "fit-for-use." *See* Decl. of John Abowd, Doc. 41-1 at 28-30, 34-35. Given the preliminary nature of the proceedings, the need to conduct these proceedings expeditiously, and Defendants' continued adjustments to the algorithm, this supplemental report is appropriate under the circumstances and should be permitted as evidence. *See Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (to determine admissibility of evidence in a preliminary injunction context, the court looks to whether "the evidence is appropriate given the character and objectives of the injunctive proceeding").

On April 28, 2021, just five days before the hearing on Plaintiffs' Motion for Preliminary Injunction, the Census Bureau released its fifth (and presumably final) set of demonstration data to further test the Bureau's planned application of differential privacy using the Top-Down Algorithm.[1] Plaintiffs and their expert did not have sufficient time to thoroughly analyze the demonstration data and produce a declaration as to that data before the hearing. Now, given the benefit

---

[1] U.S. Census Bureau, "Census Bureau Releases Latest Privacy Protection Demonstration Data" (Apr. 28, 2021), https://www.census.gov/newsroom/press-releases/2021/census-bureau-releases-latest-privacy-protection-demonstration-data.html.

of time, the latest dataset provides further proof regarding what Plaintiffs argued in the papers and at the hearing: there is a substantial risk that Alabama and its citizens will be harmed by differential privacy.

Mr. Bryan took the latest iteration of the demonstration data provided by the Bureau and ran the numbers against the districts for the Alabama House of Representatives as they were constructed under the 2010 census data. Ex. 1 at 1. Mr. Bryan's Supplemental Report compares total population and Black Voting Age Population ("BVAP") for Alabama's House districts before and after the application of differential privacy. Ex. 1 at 1. As discussed at the hearing, small changes in population can have outsized impact when attempting to comply with the Voting Rights Act. *See, e.g.,* Transcript of May 3, 2021 Hearing at 98:3-9. To illustrate, the Bureau's most recent version of differential privacy (version 5) flips House District 32 from a majority-minority district with a total BVAP of 50.01% and makes it appear as though the district is only 49.87%, dropping below a majority-minority district. *See* Ex. 1 at 2; *see also Bartlett v. Strickland*, 556 U.S. 1, 12 (2009).

While this may not seem like a significant change, it has large ramifications for the rights of African American voters residing in and around that district. Indeed, House District 32 has been heavily contested in recent racial gerrymandering challenges before this Court. Of particular relevance here is the determination of a three-judge panel of this Court that District 32 did not survive strict scrutiny as originally drawn and that its use would be enjoined for future elections. *Ala. Legislative Black Caucus v. Alabama*, 231 F. Supp. 3d 1026, 1192 (M.D. Ala. 2017). District 32's changes show the problems with application of even the latest version of differential privacy, which purportedly benefits from adjustments made even *after* the due date for redistricting data. Years into its development and weeks after its originally planned debut, the algorithm can still

change whether a representative district qualifies as a majority-minority district, which directly implicates the application of federal voting rights law. The relevance of Mr. Bryan's Supplemental Report to a determination in this action is readily apparent.

In determining if a majority-minority district is required under the Voting Rights Act, the courts—and therefore the map-drawers themselves—must first see if the minority population is "sufficiently large and geographically compact to constitute a majority in a single member district." *Thornburg v. Gingles*, 478 U.S. 30, 50 (1986). If no such district is possible then no such district is required. *See id.* In this instance, House District 32's BVAP is adjusted by .14%. A population differential of .14% causes a "whipsaw" effect where *either* a majority-minority district appears not to be required at all *or* would need to be overpopulated with BVAP to ensure that minority voters have the same opportunity as other members of the electorate to elect representatives of their choice. *Each* of these scenarios implicates the Voting Rights Act because the State would either unknowingly dilute African-American voting strength by not creating a majority-minority district in the first instance *or* dilute African-American voting strength by including more black voters than necessary to ensure a performing district under Section 2. Section 141(c) exists to prevent this exact type of situation.

## CONCLUSION

For the aforementioned reasons, Plaintiffs request that the attached Supplemental Declaration of Mr. Bryan be admitted into evidence and that this Court grant Plaintiffs' Motion for Preliminary Injunction.

Dated: May 17, 2021

STEVE MARSHALL
*Attorney General of Alabama*

*/s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
*Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Brenton M. Smith (ASB-1656-X27G)
*Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for the State of Alabama*

Respectfully submitted,

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky*
Jonathan P. Lienhard*
Shawn T. Sheehy*
Phillip M. Gordon*

HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY, PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Pgordon@hvjt.law

*pro hac vice

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of May, 2021, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to all counsel of record electronically registered with the Clerk.

                                          *s/Edmund G. LaCour Jr.*
                                          Edmund G. LaCour Jr.
                                          *Counsel for the State of Alabama*