# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA; ROBERT ADERHOLT, Representative for Alabama's 4th Congressional District, in his official and individual capacities; WILLIAM GREEN; and CAMARAN WILLIAMS,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE; GINA RAIMONDO, in her official capacity as Secretary of Commerce; UNITED STATES BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>                Defendants. | CIVIL ACTION NO. 3:21-CV-211-RAH-ECM-KCN |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Earlier today, the U.S. Court of Appeals for the Sixth Circuit issued its decision in Ohio's challenge to Defendants' delay in delivering the tabulations of population to the States pursuant to 13 U.S.C. § 141. *See Ohio v. Raimondo*, No. 21-3294 (6th Cir. May 18, 2021). As Defendants noted in their opposition to Plaintiffs' motion for preliminary injunction in this case, the Ohio district court had dismissed Ohio's challenge for lack of standing. *See* Defs' Opp., Doc. 41 at 30, 36, 38, 40, 42, 43, 75.

The Sixth Circuit reversed that decision and held that Ohio has standing to challenge Defendants' delay. The court made three primary holdings. First, it held that "Ohio suffered (and continues to suffer) an informational injury because the Secretary failed to deliver Ohio's data as

the Census Act requires." Slip op. at 1-2 (citations omitted). Second, it held that Ohio's "injury is traceable to the Secretary because Ohio's informational injury is the direct result of the Secretary's failure to produce the required data." *Id.* at 2 (citations omitted). "And third," the court held that "Ohio's injury is redressable" because "Ohio currently has no assurance that the federal government will live up to its most recent representation" to provide the redistricting data in a "legacy format" by August 16, 2021, "[s]o at the very least, monitoring by the district court could move the proceedings along and provide Ohio with some redress." *Id.* The court thus remanded the case to the district court "to determine what remedy (if any) is appropriate." *Id.*

The supplemental authority is relevant to this case because Alabama suffers the same harms, traceable to the same Defendants, which can be redressed in part in the same way. The Sixth Circuit's decision is attached.

Dated: May 18, 2021

STEVE MARSHALL
*Attorney General of Alabama*

*/s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
*Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Brenton M. Smith (ASB-1656-X27G)
*Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for the State of Alabama*

Respectfully submitted,

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky*
Jonathan P. Lienhard*
Shawn T. Sheehy*
Phillip M. Gordon*

HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY, PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Pgordon@hvjt.law

**pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that on the 18th day of May, 2021, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to all counsel of record electronically registered with the Clerk.

*s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
*Counsel for the State of Alabama*