NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0245n.06

Case No. 21-3294

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| Plaintiff-Appellant, | ) ) | **FILED**<br>May 18, 2021<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| GINA RAIMONDO, in her official capacity as Secretary of Commerce; DEPARTMENT OF COMMERCE; RON S. JARMIN, Acting Director, U.S. Census Bureau; U.S. CENSUS BUREAU, | ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: DAUGHTREY, McKEAGUE, and THAPAR, Circuit Judges.

PER CURIAM. The Census Act requires the Secretary of Commerce to deliver population data to the states by April 1, 2021. 13 U.S.C. § 141. Under Ohio's Constitution, Ohio uses that data to redraw its state and federal voting districts. The Secretary failed to meet the statutory deadline, so Ohio sued. It asked the district court to order the data released at "the earliest possible date." R. 1, Pg. ID 16. The district court held that Ohio lacked standing and dismissed the case. We conclude that Ohio has standing and reverse and remand.

Ohio meets all three requirements for standing: (1) injury in fact, (2) traceability, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). First, Ohio suffered (and continues to suffer) an informational injury because the Secretary failed to deliver Ohio's data as

Case No. 21-3294, *Ohio v. Raimondo, et al.*

the Census Act requires. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 448–50 (1989). Second, the injury is traceable to the Secretary because Ohio's informational injury is the direct result of the Secretary's failure to produce the required data. *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 543 (6th Cir. 2004). And third, Ohio's injury is redressable. The Census Bureau represents that it can deliver Ohio's data in a "legacy format" by August 16, 2021—well before the September 30, 2021, projection that the agency previously identified. Whitehorne Decl., Appellate R. 33, p. 2. Although Ohio would prefer to get its data sooner, Ohio agrees that an August 16 delivery would allow it to complete its redistricting process. But Ohio currently has no assurance that the federal government will live up to its most recent representation. So at the very least, monitoring by the district court could move the proceedings along and provide Ohio with some redress.

For these reasons, we conclude that Ohio has standing and remand the case to the district court. With only three months until the proffered resolution date, the district court should treat this matter expediently and hold a hearing to determine what remedy (if any) is appropriate.