# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA; ROBERT ADERHOLT, Representative for Alabama's 4th Congressional District, in his official and individual capacities; WILLIAM GREEN; and CAMARAN WILLIAMS,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE; GINA RAIMONDO, in her official capacity as Secretary of Commerce; UNITED STATES BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau,<br><br>        Defendants. | CIVIL ACTION NO. 3:21-CV-211-RAH-ECM-KCN |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO INTRODUCE SUPPLEMENTAL EVIDENCE**

Roughly a month ago, when responding to Plaintiffs' concerns that differential privacy would render the redistricting data inaccurate and make compliance with the Voting Rights Act difficult, Defendants touted their then-unreleased April 2021 demonstration data as proof that—as the Census Bureau's Chief Scientist John Abowd put it—"the differential-privacy algorithm, 'when properly tuned, [would] ensure that redistricters can remain confident in the accuracy of the population counts and demographic characteristics of the voting districts they draw, despite the noise in the individual building blocks." Defs' Resp. to Pls' Mot. for Prelim. Inj., Doc. 41 at 18-19 (quoting Abowd Decl., Doc. 41-1 ¶ 56). Defendants maintained that the new data set would "employ[] a higher privacy-loss budget, tuned for accuracy, 'that better approximates the final privacy-loss budget that will likely be selected for the redistricting data product,'" and would "establish that differential privacy protections can produce extremely accurate redistricting data." *Id.* at 17 (quoting Abowd Decl., Doc. 41-1 ¶¶ 69, 54). Defendants thus relied on the demonstration data throughout their brief to respond to Plaintiffs' claims. *See* Doc. 41 at 6, 16-19, 26, 62-63, 74; *see also* Abowd Decl., Doc. 41-1 at 28-31, 35, 42.

That was then. Now that the demonstration data have been released to the public, Defendants' assertions are falsifiable. And now that Plaintiffs seek to submit evidence demonstrating that the data did not live up to Defendants' assurances, Defendants claim that Plaintiffs' rebuttal evidence comes too late, is irrelevant, and should not be admitted. *See* Defs' Resp., Doc. 132. The Court should reject those claims and grant Plaintiffs' motion to introduce supplemental evidence. Doc. 129.

*First*, Plaintiffs' request is timely. Defendants argue that Plaintiffs' motion should be denied because it comes after the Court's April 26 deadline for submitting supplemental evidence. Resp., Doc. 132 at 2. Then they state: "In light of the timing of Plaintiffs' suit, the parties

1

necessarily restricted their briefing on Plaintiffs' preliminary injunction motion to the record that existed at the time, including the Bureau's prior releases of demonstration data and declarations from Plaintiffs' experts analyzing that earlier data. If Plaintiffs wished to rely on the April data to support their motion for preliminary relief, they should have waited to file suit until the April data came out." *Id.* at 3.

But Defendants did not "restrict" their briefing to "prior releases of demonstration data." Instead, they relied on the April 2021 demonstration data to defend against Plaintiffs claims, knowing that Plaintiffs could not rejoin because Defendants had not released the data to the public. Defendants' own actions also explain why Plaintiffs have been forced to seek supplementation after the April 26 deadline. Defendants did not release the demonstration data until April 28—two days after the deadline, and just five days before the preliminary injunction hearing. Yet now Defendants contend that Plaintiffs are time barred from responding to the very evidence Defendants relied on, which Defendants did not produce until—if they have it their way—it was too late. "Pure applesauce." *King v. Burwell*, 576 U.S. 473, 507 (2015) (Scalia, J., dissenting).

*Second*, Plaintiffs' proposed supplemental evidence is relevant. For starters, Defendants thought it relevant to rely on the April 2021 demonstration data to defend against Plaintiffs' claims, so rebuttal evidence demonstrating that the data did not solve the problems Plaintiffs complained of is relevant, too. And the supplemental report is also directly relevant to Plaintiffs' claims. *Contra* Resp., Doc. 132 at 3-7. The supplemental report demonstrates that Defendants' application of differential privacy and the Top-Down Algorithm is still moving people around in ways that will alter the count required by 13 U.S.C. § 141(c). *See* Compl., Doc. 1 ¶¶ 198-202. And, as Plaintiffs alleged in their Complaint, "[b]ecause the Census Bureau will not report true population numbers, it will be difficult [for the State] to know whether a district will be a majority-minority district

2

when it is drawn," thus "imped[ing] Alabama's sovereign interest in drawing representative districts that fairly allocate political power." *Id.* ¶¶ 141, 143.

Notably, Defendants rejected this very allegation by relying on the April 2021 demonstration data. They argued in their response brief that Plaintiffs "have not demonstrated any injury at all" because "the redistricting data that the Secretary produces will be perfectly suitable for redistricting," as evidenced by "the latest demonstration data product that will be released by April 30[, which] is 'extremely accurate.'" Doc. 41 at 74 (quoting Abowd Decl., Doc. 41-1 ¶¶ 54). At the very least, then, the supplemental report demonstrating that Defendants' new dataset has *not* resolved Plaintiffs' concerns makes the disputed issue of injury-in-fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). It should therefore be admitted.

## CONCLUSION

The Court should grant Plaintiffs' motion to introduce supplemental evidence. *See* Doc. 129.

3

Dated: May 21, 2021

STEVE MARSHALL
*Attorney General of Alabama*

*/s/ A. Barrett Bowdre*
Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
*Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
Winfield J. Sinclair (ASB-1750-S81W)
Brenton M. Smith (ASB-1656-X27G)
*Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for the State of Alabama*

Respectfully submitted,

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky*
Jonathan P. Lienhard*
Shawn T. Sheehy*
Phillip M. Gordon*

HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY, PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Pgordon@hvjt.law

*\*pro hac vice*

*Counsel for Plaintiffs*

4

5

**CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of May, 2021, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to all counsel of record electronically registered with the Clerk.

*s/ A. Barrett Bowdre*
A. Barrett Bowdre
*Counsel for the State of Alabama*